# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## OCTOBER 1998 SESSION

FILED

December 3, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9712-CR-00556 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN, |
| CAROLYN WHEELER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Theft, Forgery) |

**FOR THE APPELLANT:**

**DALE M. QUILLEN**
95 White Bridge Road
Suite 208
Nashville, TN 37205-1407

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**STEVE R. DOZIER**
Assistant District Attorney General
Washington Square Building
Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Carolyn Wheeler, appeals the manner of service of her agreed sentence as imposed by the Criminal Court of Davidson County. The defendant pled guilty to theft over $10,000 and forgery over $10,000. She agreed to concurrent three (3) year sentences with the manner of service to be determined by the trial court. The trial court ordered the defendant to serve one (1) year incarcerated with the balance served on community corrections. On appeal, the defendant contends:

> 1) the trial court erred in sentencing her to confinement; and
>
> 2) the trial court erred in ordering a community corrections sentence as she could subsequently be subjected to a sentence in excess of her plea agreement.

After an examination of the record, we AFFIRM the judgment of the trial court..

**FACTS**

Investigating a tip from the defendant's neighbor, Detective Mike Owens of the Metro Police Department learned that the defendant purchased a car by assuming the identity of "Cassandra Rhule." Detective Owens found at the defendant's residence a car matching the dealer's description with a temporary tag listing "Cassandra Rhule" as the owner. When the detective showed a copy of "Cassandra Rhule's" driver's license to the defendant's neighbor, the neighbor identified the defendant as the person depicted in the photograph.

Detective Owens subsequently obtained an arrest warrant for the defendant charging her with theft. After forcibly entering the defendant's residence in order to serve the warrant, the detective observed mail, bank statements, and other documents addressed to other persons. Numerous articles of partially burned mail were also observed in the fireplace. The

2

defendant was found hiding in a closet under a pile of clothes and served with the arrest warrant.

Based upon their observations while serving the arrest warrant on the defendant, the police received a search warrant for the defendant's residence. While executing the search warrant, the officers discovered a copy of the defendant's application for a Tennessee driver's license in Cassandra Rhule's name and the identification used to obtain that license. The officers also found a document containing Rhule's personal information.

The victim, Cassandra Rhule, testified that she did not know the defendant. She testified that the defendant opened a checking account in Rhule's name at First American Bank with $14,000 of forged checks. Rhule also testified that the defendant made more than fifteen (15) charges on Rhule's credit card.

## SENTENCING

### A. Incarceration

The defendant appeals the trial court's sentence of one year of incarceration. This Court twice denied defendant's motions appealing the trial court's denial of bond pending appeal. Presently, it appears the defendant has served this portion of her sentence. We find, therefore, this issue is moot. *See* State v. Samuel D. Perry, C.C.A. No. 02C01-9611-CR-00435, Shelby County (Tenn. Crim. App. filed January 29, 1998, at Jackson).

### B. Violation of Plea Agreement

3

The defendant further appeals the trial court's order of community corrections for the remainder of her sentence. She contends that conceivably, if community corrections is revoked, she could be resentenced in excess of her plea agreement. *See* Tenn. Code Ann. § 40-36-106(e)(4).

Unfortunately, the transcript of the guilty plea has not been made a part of the appellate record. We may not speculate as to whether there was or was not a discussion of the possibility of a community corrections sentence. The absence of the guilty plea transcript precludes appellate review of this issue. *See* <u>State v. Davis Oliver Brown</u>, C.C.A. No. 03C01-9608-CR-00313, Hamilton County (Tenn. Crim. App. filed December 16, 1997, at Knoxville).

We also note that this issue is premature. We may not speculate as to whether the defendant's community corrections sentence will be revoked and, if so, whether she will be resentenced in excess of three (3) years. We elect not to give an advisory opinion on this issue.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

4

**CONCUR:**


_____
**PAUL G. SUMMERS, JUDGE**


_____
**JOSEPH M. TIPTON, JUDGE**